

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2008

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Li v. Atty Gen USA" (2008). *2008 Decisions.* Paper 698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No.  07-1980

————————

QUAN MING LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

——————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-949-961)

————————————

Submitted under Third Circuit LAR 34.1(a)
on May 12, 2008

Before:  McKEE and ROTH, Circuit Judges
O'NEILL*, District Judge

(Opinion filed: August 7, 2008)

——————————————

*Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

OPINION

**ROTH,** Circuit Judge:

Quan Ming Li petitions for review of a final order of the Board of Immigration Appeals denying his application for asylum and withholding of deportation. Finding no error, we will deny the petition for review.

I. **BACKGROUND**

Because we write primarily for the benefit of the parties, we will only briefly review the facts and the proceedings below.

Li entered the United States without proper documents on or about March 6, 2004. Li met with a Department of Homeland Security Asylum Officer on March 11, 2004. At that meeting, Li told the Asylum Officer that he had an illegal child while living with his lover in China. Further, he claimed that his lover's mother reported him to the government and that the government requested, through Li's parents, that Li report to the Family Planning clinic. Li told the Asylum Officer that his parents indicated he would be sterilized there because of his illegal child. Li claimed he feared imprisonment and sterilization if he returned to China. Li did not mention to the Asylum Officer that he was a member of Falun Gong or make any claim regarding Falun Gong. After his interview with the Asylum Officer, Li was served with a notice to appear before an Immigration Judge. On July 7, 2004, Li executed an application for asylum and for withholding of removal. In his application, he

alleged that he had been arrested twice for Falun Gong flyer distribution and he feared future arrest if he returned to China.

In his hearing before the Immigration Judge (IJ) on December 27, 2005, Li was the sole witness who testified. He claimed to have suffered discrimination in China due to his membership in Falun Gong. Li admitted during his testimony that he does not have an illegal child, that he has never been threatened with sterilization, and that the story he told to the Asylum Officer concerning his fear of sterilization was a lie. Li contended that he was told to lie by the smugglers he paid to get him to the United States.

The IJ denied Li's request for asylum and withholding of removal. The IJ made an adverse credibility finding against Li, noting that "[a]n individual coming into court with a known history of lying under oath to Immigration officers of the United States has a particularly heavy burden of trying to rehabilitate himself and show that he is now telling the truth." The IJ found that Li had failed to do so, emphasizing the contradictions between Li's written application for asylum and his testimony as well as Li's demeanor in court.

Li appealed to the Board of Immigration Appeals (BIA), arguing that the IJ erred in his negative credibility finding and determination that Li failed to meet his burden of proving past persecution or demonstrating a well-founded fear of future persecution. The BIA rejected Li's contention that there were any problems with the interpreter during the hearing, and adopted and affirmed the Immigration Judge's decision.

Li now petitions this Court for review of the BIA's decision. The BIA's jurisdiction arose under 8 C.F.R. § 1003.1(b)(3), which grants it appellate jurisdiction over decisions of immigration judges in removal proceedings. Our jurisdiction to review the BIA's decision arises under section 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), as amended by section 106(a)(1) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B (2005). The petition for review is timely, and venue is proper because the immigration proceedings were completed in Newark, New Jersey.

## II.  DISCUSSION

In order to be eligible for a discretionary grant of asylum, an alien must show either that he suffered past persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion, or that he fears future persecution on account of one of those grounds. *Lukwago v. Ashcroft*, 329 F.3d 157, 167 (3d Cir. 2003). The alien bears the burden of establishing eligibility for relief. *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001). The failure to establish his eligibility for asylum "necessarily implies" that he is unable to demonstrate his eligibility for withholding of removal, as withholding requires that future persecution be demonstrated to a higher standard than is required for asylum. *Janusiak v. United States INS*, 947 F.2d 46, 49 (3d Cir. 1991).

We review the determination that an applicant has not demonstrated past persecution, a well-founded fear of future persecution, or a clear probability of future persecution under a substantial evidence standard. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Under

this standard, we must uphold the BIA's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* In order to prevail, Li must show that "the evidence not only *supports* [reversal] but *compels* it." *Id.* at 481 n. 1 (emphasis in original). Because, in this case, the BIA affirmed the IJ's order and has adopted a portion of that decision, we will review the decisions of both the BIA and the IJ. *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007).

Adverse credibility findings are also reviewed under the substantial evidence standard. *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003). Thus, an IJ's credibility findings are upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The IJ provided specific and cogent reasons in support of his finding that Li was not credible. Most strikingly, Li admitted on cross examination that the statements he made to the Asylum Officer were a lie. Li also contradicted his written statements in his testimony.

Li's argument that his testimony was unconvincing because of incompetent translation is unsupported by the record. At no time during the course of the hearing did Li or his counsel indicate that he was having any difficulties with the interpreter.

## III. **CONCLUSION**

For the foregoing reasons, we will deny the petition for review.

5